David Martinez, Bar No. 193183
DMartinez@RobinsKaplan.com
Zac A. Cohen, Bar No. 316547
ZCohen@RobinsKaplan.com
**ROBINS KAPLAN LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067-5052
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Attorneys for Plaintiff
PS 121, Inc. d/b/a Jess & Jane

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PS 121, Inc. d/b/a Jess & Jane,<br><br>Plaintiff,<br><br>v.<br><br>Shana Apparel, Inc.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-5354<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT; AND**<br><br>**2. VICARIOUS AND/CONTRIBUTORY COPYRIGHT INFRIGMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PS 121, Inc. d/b/a Jess & Jane ("Plaintiff" or "Jess & Jane") brings this complaint for copyright infringement and alleges as set forth below based on personal knowledge as to its own acts and information and belief based on the acts of others.

**INTRODUCTION**

This is a case for brazen and willful copyright infringement. As shown below, Defendant Shana Apparel ("Shana") intentionally targeted Jess & Jane by copying eight fashion designs and infringing on eight Jess & Jane copyrights over those designs. As such, Jess & Jane brings this complaint to stop Shana from its unlawful targeting and copying campaign and to obtain redress for Shana's scheme to profit from Jess & Jane's intellectual property.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff PS 121, Inc. d/b/a Jess & Jane is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles, California.

5. Defendant Shana Apparel, Inc. ("Shana"), is a corporation organized and existing under the laws of the state of California with its principal place of business located at 11765 Kismet Rd., San Diego, CA 92128.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Jess & Jane's copyrights, have contributed to the infringement of Jess & Jane's copyrights, or have engaged in one or more of the wrongful practices alleged herein.

7. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10 are presently unknown to Jess & Jane, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Each Defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or

adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Jess & Jane's rights and the damages to Jess & Jane proximately caused thereby.

**DESIGN 1 - CLAIMS RELATED TO DESIGN 1809**

9. Jess & Jane owns an original two-dimensional artwork used for purposes of textile printing entitled 1809 / MW333 Lily ("Jess & Jane Design No. 1") which has been registered with the United States Copyright Office.

10. Prior to Defendants' infringement, Jess & Jane widely disseminated fabric, garments and/or samples bearing the Jess & Jane Design No. 1 to numerous parties in the fashion and apparel industries, including during trade shows attended by Shana and/or apparel retailers.

11. Following its distribution of Jess & Jane Design No. 1, Defendants distributed and/or sold fabric, garments and/or samples and/or garments featuring a design which is identical, virtually identical, strikingly and/or substantially similar to the Jess & Jane Design No. 1 ("Subject Product No. 1"), including but not limited to products sold by Shana bearing the label "Blue Knit Top", under SKU 421217201019, Style No. 23621.

12. Shana sold Subject Product 1 to at least Anthony's Ladies Apparel for retail sale.

/ / /

/ / /

/ / /

13. A representative sample of the Jess & Jane Design No. 1, and exemplars of Subject Product No. 1 are set forth below and in Exhibit 1:

| **Jess & Jane Design No. 1** | **Accused Design No. 1** |
|---|---|
| 1809 / MW333 Lily<br>Reg. No. VA0002327436<br> | Blue Knit Top<br>Style No. 23621<br> |

## DESIGN 2 - CLAIMS RELATED TO DESIGN 1878

14. Jess & Jane owns an original two-dimensional artwork used for purposes of textile printing entitled 1878 / JJ1972 Foliage ("Jess & Jane Design No. 2") which has been registered with the United States Copyright Office.

15. Prior to Defendants' infringement, Jess & Jane widely disseminated fabric, garments and/or samples bearing the Jess & Jane Design No. 2 to numerous

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

parties in the fashion and apparel industries, including during trade shows attended by Shana and/or apparel retailers.

16. Following its distribution of Jess & Jane Design No. 2, Defendants and apparel retailers distributed and/or sold fabric, garments and/or samples and/or garments featuring a design which is identical, virtually identical, strikingly and/or substantially similar to the Jess & Jane Design No. 2 (“Subject Product No. 2”).

17. These include but are not limited to products sold by Shana bearing the label “Floral Knit Top”, under SKU 421217701014, Style No. 22601.

18. Shana sold Subject Product 2 to at least Anthony’s Ladies Apparel for retail sale.

19. A representative sample of the Jess & Jane Design No. 2, and exemplars of Subject Product No. 2 are set forth below and in Exhibit 2:

| **Jess & Jane Design No. 2** | **Accused Design No. 2** |
|---|---|
| 1878 / JJ1972 Foliage<br>Reg No. VA0002436483<br> | Floral Knit Top<br>Style No. 22601<br> |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**DESIGN 3 - CLAIMS RELATED TO DESIGN 1494**

20. Jess & Jane owns an original two-dimensional artwork used for purposes of textile printing entitled 1494 / PS1332 Provence ("Jess & Jane Design No. 3") which has been registered with the United States Copyright Office.

21. Prior to Defendants' infringement, Jess & Jane widely disseminated fabric, garments and/or samples bearing the Jess & Jane Design No. 3 to numerous parties in the fashion and apparel industries, including during trade shows attended by Shana and/or apparel retailers.

22. Following its distribution of Jess & Jane Design No. 3, Defendants and apparel retailers distributed and/or sold fabric, garments and/or samples and/or garments featuring a design which is identical, virtually identical, strikingly and/or substantially similar to the Jess & Jane Design No. 3 ("Subject Product No. 3").

23. These include but are not limited to products sold by Shana named Pink Shape Printed Shirt, Style No. 22115.

/ / /

/ / /

/ / /

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

95975698.3

24. A representative sample of the Jess & Jane Design No. 3, and exemplars of Subject Product No. 3 are set forth below and in Exhibit 3:

| Jess & Jane Design No. 3 | Accused Design No. 3 |
|---|---|
| 1494 / PS1332 Provence<br>Reg. No. VA0002307248<br> | Pink Shape Printed Shirt<br>Style No. 22115<br> |

**<u>DESIGN 4 - CLAIMS RELATED TO DESIGN 1699</u>**

25. Jess & Jane owns an original two-dimensional artwork used for purposes of textile printing entitled 1699 / JJ1892 Botanica ("Jess & Jane Design No. 4") which has been registered with the United States Copyright Office.

26. Prior to Defendants' infringement, Jess & Jane widely disseminated fabric, garments and/or samples bearing the Jess & Jane Design No. 4 to numerous







ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

parties in the fashion and apparel industries, including during trade shows attended by Shana and/or apparel retailers.

27. Following its distribution of Jess & Jane Design No. 4, Defendants and apparel retailers distributed and/or sold fabric, garments and/or samples and/or garments featuring a design which is identical, virtually identical, strikingly and/or substantially similar to the Jess & Jane Design No. 4 ("Subject Product No. 4").

28. These include but are not limited to products sold by Shana named "Shana Butterflies & Flowers Top", Style No. 23119.

29. Shana sold Subject Product 4 to at least Sue Patrick for retail sale.

30. A representative sample of the Jess & Jane Design No. 4, and exemplars of Subject Product No. 4 are set forth below and in Exhibit 4:

| **Jess & Jane Design No. 4** | **Accused Design No. 4** |
| --- | --- |
| 1699 / JJ1892 Botanica<br>Reg. No. VA0002436463<br> | Shana Butterflies & Flowers Top<br>Style No. 23119<br> |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**DESIGN 5 - CLAIMS RELATED TO DESIGN 1796**

31. Jess & Jane owns an original two-dimensional artwork used for purposes of textile printing entitled 1796 / PS1490 Santorini ("Jess & Jane Design No. 5") which has been registered with the United States Copyright Office.

32. Prior to Defendants' infringement, Jess & Jane widely disseminated fabric, garments and/or samples bearing the Jess & Jane Design No. 5 to numerous parties in the fashion and apparel industries, including during trade shows attended by Shana and/or apparel retailers.

33. Following its distribution of Jess & Jane Design No. 5, Defendants and apparel retailers distributed and/or sold fabric, garments and/or samples and/or garments featuring a design which is identical, virtually identical, strikingly and/or substantially similar to the Jess & Jane Design No. 5 ("Subject Product No. 5").

34. These include but are not limited to products sold by Shana bearing the label "Blue Knit Top", under SKU 421564901013, Style No. 23026.

35. Shana sold Subject Product 5 to at least Sue Patrick for retail sale.

/ / /

/ / /

/ / /

36. A representative sample of the Jess & Jane Design No. 5, and exemplars of Subject Product No. 5 are set forth below and in Exhibit 5:

| Jess & Jane Design No. 5 | Accused Design No. 5 |
|---|---|
| 1796 / PS1490 Santorini<br>Reg. No. VA0002326873<br><br> | Blue Knit Top<br>Style No. 23026<br> |

<u>**DESIGN 6 - CLAIMS RELATED TO DESIGN 1487**</u>

37. Jess & Jane owns an original two-dimensional artwork used for purposes of textile printing entitled 1487 / PS1327 Lulu ("Jess & Jane Design No. 6") which has been registered with the United States Copyright Office.

/ / /

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

38. Prior to Defendants' infringement, Jess & Jane widely disseminated fabric, garments and/or samples bearing the Jess & Jane Design No. 6 to numerous parties in the fashion and apparel industries, including during trade shows attended by Shana and/or apparel retailers.

39. Following its distribution of Jess & Jane Design No. 6, Defendants and apparel retailers distributed and/or sold fabric, garments and/or samples and/or garments featuring a design which is identical, virtually identical, strikingly and/or substantially similar to the Jess & Jane Design No. 6 ("Subject Product No. 6").

40. These include but are not limited to products sold by Shana named "Plus Size Long Sleeve Round Neck Brushed Knit Abstract Print Tunic" Style No. 22119.

/ / /

/ / /

/ / /

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

41. A representative sample of the Jess & Jane Design No. 6, and exemplars of Subject Product No. 6 are set forth below and in Exhibit 6:

| Jess & Jane Design No. 6 | Accused Design No. 6 |
| --- | --- |
| 1487 / PS1327 Lulu<br>Reg. No. VA0002302011 | Plus Size Long Sleeve Round Neck Brushed Knit Abstract Print Tunic<br>Style No. 22119 |

## DESIGN 7 - CLAIMS RELATED TO DESIGN 1735

42. Jess & Jane owns an original two-dimensional artwork used for purposes of textile printing entitled 1735 / PS1453 Contigo ("Jess & Jane Design No. 7") which has been registered with the United States Copyright Office.

43. Prior to Defendants' infringement, Jess & Jane widely disseminated fabric, garments and/or samples bearing the Jess & Jane Design No. 7 to numerous parties in the fashion and apparel industries, including during trade shows attended by Shana and/or apparel retailers.

44. Following its distribution of Jess & Jane Design No. 7, Defendants and apparel retailers distributed and/or sold fabric, garments and/or samples and/or garments featuring a design which is identical, virtually identical, strikingly and/or substantially similar to the Jess & Jane Design No. 7 ("Subject Product No. 7").

45. These include but are not limited to products sold by Shana bearing the label "Zip Front Jacket", Style No. 24665.

46. Shana sold Subject Product 7 to at least Adlib Clothing for retail sale.

47. A representative sample of the Jess & Jane Design No. 7, and exemplars of Subject Product No. 7 are set forth below and in Exhibit 7:

| **Jess & Jane Design No. 7** | **Accused Design No. 7** |
| --- | --- |
| 1735 / PS1453 Contigo<br>Reg. No. VA0002302373<br> | Zip Front Jacket<br>Style No. 24665<br> |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

 

**DESIGN 8 - CLAIMS RELATED TO DESIGN 1914**

48. Jess & Jane owns an original two-dimensional artwork used for purposes of textile printing entitled 1914 / PS1554 Gardena ("Jess & Jane Design No. 8") which has been registered with the United States Copyright Office.

49. Prior to Defendants' infringement, Jess & Jane widely disseminated fabric, garments and/or samples bearing the Jess & Jane Design No. 8 to numerous parties in the fashion and apparel industries, including during trade shows attended by Shana and/or apparel retailers.

50. Following its distribution of Jess & Jane Design No. 8, Shana Apparel, Inc., DOE Defendants distributed and/or sold fabric, garments and/or samples and/or garments featuring a design which is identical, virtually identical, strikingly and/or substantially similar to the Jess & Jane Design No. 8 ("Subject Product No. 8").

/ / /

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

51. These include but are not limited to products sold by Shana bearing the label "Dragonfly Crinkle Pocket Tunic", Style No. 23015-G173.

52. Shana sold Subject Product 8 to at least Anthony's Ladies Apparel for retail sale.

53. A representative sample of the Jess & Jane Design No. 8, and exemplars of Subject Product No. 8 are set forth below and in Exhibit 8:

| **Jess & Jane Design No. 8** | **Accused Design No. 8** |
|---|---|
| 1914 / PS1554 Gardena<br>Reg. No. VA0002370678<br>PS1553 GARDENA | Dragonfly Crinkle Pocket Tunic<br>Style No. 23015-G173 |

/ / /

/ / /

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**FIRST CLAIM FOR RELIEF**

**(For Copyright Infringement – Against All Defendants)**

54. Jess & Jane repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

55. Defendants had access to Jess & Jane's designs ("Jess & Jane's Designs") including designs Nos. 1-8, including, without limitation, through (a) access to Jess & Jane's showroom and/or design library; (b) access through trade shows attended by both Shana and Jess & Jane; (c) access to illegally distributed copies of Jess & Jane's Designs Nos. 1-8 by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (d) access to Jess & Jane's strike-offs and samples, and (e) garments manufactured and sold to the public bearing fabric, garments and/or samples lawfully printed with Jess & Jane's Designs Nos. 1-8 by Jess & Jane for its customers.

56. One or more of the Defendants manufactures garments and/or is a garment vendor. Said Defendant(s) had and/or has an ongoing business relationship with retailers and supplied garments to said retailers.

57. Defendants' accused garments infringed Jess & Jane's Designs Nos. 1-8 because they featured unauthorized print design(s) that were identical, virtually identical and/or strikingly or substantially similar to Jess & Jane's Designs Nos. 1-8, or were an illegal derivation or modification thereof.

58. Defendants infringed Jess & Jane's copyrights by creating, making, and/or developing directly infringing and/or derivative works from Jess & Jane's Designs Nos. 1-8 and by producing, distributing and/or selling garments which infringe Jess & Jane's Designs Nos. 1-8 through a nationwide network of retail stores, catalogues, and through on-line websites.

/ / /

59. As a result of Defendants' infringement, Jess & Jane has suffered substantial general and special damages in an amount to be established at trial.

60. Further, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement. As such, Jess & Jane is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement in an amount to be established at trial.

61. Defendants' copyright infringement was willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Jess & Jane will make its election between actual damages and statutory damages within the time allowed by law.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and or Contributory Copyright Infringement – Against All Defendants)**

62. Jess & Jane repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

63. Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring Jess & Jane's Designs Nos. 1-8.

64. Defendants are vicariously liable for the infringement because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

65. Defendants' contributory and vicarious infringement has caused Jess & Jane to suffer and continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

66. Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Jess & Jane's Designs Nos. 1-8. As such, Jess & Jane is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Jess & Jane's Designs Nos. 1-8.

67. Defendants' infringement was willful, intentional and malicious. As such, Defendants are subject liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Jess & Jane will make its election between actual damages and statutory damages at the appropriate time.

**PRAYER FOR RELIEF**

Jess & Jane prays for judgment in its favor and against Defendants as follows:

a. An Order enjoining Defendants, their agents and employees from infringing Jess & Jane's copyrights in any manner, including those for Jess & Jane's Designs Nos. 1-8;

b. An award of Defendants' unlawful profits, as well as all losses of Jess & Jane and other monetary advantage gained by the Defendants through their infringement; or if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 *et seq*.;

c. An Order awarding Jess & Jane attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 *et seq*., pre-judgment interest as allowed by law, and the costs of this action; and

/ / /

/ / /

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

        d. Such further legal and equitable relief as the Court deems proper.

DATED: June 12, 2025

**ROBINS KAPLAN LLP**

By: /s/ David Martinez
David Martinez
Zac A. Cohen

Attorneys for Plaintiff PS 121, Inc. d/b/a Jess & Jane

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**DEMAND FOR JURY TRIAL**

Jess & Jane demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

DATED: June 12, 2025

**ROBINS KAPLAN LLP**

By: /s/ David Martinez
David Martinez
Zac A. Cohen

Attorneys for Plaintiff PS 121, Inc. d/b/a Jess & Jane

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES